U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 OCT 16 PM 5: 06

CLERK

BY_____
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CITY OF BURLINGTON, )
)
Plaintiff, )
)
v. ) Case No. 2:17-cv-00138
)
NICHOLAS SCHIELDROP, )
)
Defendant. )

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**
(Doc. 4)

Plaintiff the City of Burlington ("Plaintiff") brings this action against Defendant Nicholas Schieldrop ("Defendant"), alleging a violation of Chapter 30, § 30-25 of the 2011 Code of Ordinances of the City of Burlington. On July 27, 2017, Defendant removed the action from the Vermont Judicial Bureau ("Judicial Bureau") to this court. Pending before the court is Plaintiff's motion to remand. (Doc. 4.) Defendant filed an opposition to the motion to remand on August 28, 2017. After Plaintiff replied on September 18, 2017, the court took the pending motion under advisement.

Anthea Dexter-Cooper, Esq. represents Plaintiff and Jacob O. Durrell, Esq. represents Defendant.

**I.  Factual and Procedural Background.**

On the evening of January 10, 2016, the Burlington Police Department received a call that a van was illegally operating as a vehicle for hire on South Winooski Avenue in Burlington, Vermont. The vehicle "was described as a dark green van with a green dome light identifying the vehicle as 'Shelburne Taxi' but lacking the required Burlington license mounted on the rear of the vehicle." (Doc. 1-6 at 1.) A member of the Burlington Police Department arrived at the scene and cited Defendant for violating the City's Vehicle for Hire Ordinance ("the Ordinance"), which states, in relevant part, that "[i]t

shall be unlawful for a person to operate a taxicab within the limits of the City . . . unless he or she has a valid taxicab driver's license as required by this chapter." *Id.* at 2.[1] The officer issued Defendant "Vermont Municipal Complaint" No. 106042, which required payment of a five hundred dollar fine.

On January 21, 2016, Defendant appealed the violation and filed an answer with the Judicial Bureau, which has jurisdiction over complaints in municipal cases. *See* 24 V.S.A. § 1977(a) (stating that the "original copy" of a "complaint in a municipal civil case . . . shall be filed with the Judicial Bureau[.]"). Five days later, on January 26, 2016, Plaintiff filed a municipal complaint against Defendant, alleging a violation of the Ordinance. While not disputing the lack of a valid taxicab driver's license, Defendant asserted that the Ordinance violated Vermont law because it was never approved by a public referendum. *See* 24 V.S.A. § 2032 ("The right of a legislative branch of a municipality to make such regulations shall not take effect until they have been approved and accepted by a majority of the voters of the municipality attending a duly warned regular or special meeting called for that purpose[.]"). On March 16, 2016, the Judicial Bureau held a merits hearing and concluded that Plaintiff exceeded its authority in adopting the Ordinance. Plaintiff moved for reconsideration of this decision on June 28, 2016, but the Judicial Bureau denied Plaintiff's motion.

On July 28, 2016, Plaintiff appealed the Judicial Bureau's decision to the Criminal Division of the Vermont Superior Court, which has jurisdiction over "[a]ppeals of final decisions of the judicial bureau." 4 V.S.A. § 32(c)(1). On March 28, 2017, the Superior Court reversed the Judicial Bureau's decision, holding that Plaintiff validly enacted the Ordinance and remanding the matter to the Judicial Bureau for further proceedings consistent with that opinion.

---

[1] Defendant was cited for violating Chapter 30, Section 30-25 of the 2011 Code of Ordinances of the City of Burlington, which was subsequently revised on February 2, 2016. The current version of the Ordinance states that "[e]very vehicle for hire operation in the city or airport, whether an individual, corporation, d/b/a, limited liability corporation, partnership, or other legal entity, shall obtain a vehicle for hire business license from the administration office." BURLINGTON, VT., CODE OF ORDINANCES ch. 30, § 6 (2016).

2

On April 26, 2017, Defendant appealed to the Vermont Supreme Court. Because Vermont's Rules of Appellate Procedure require filing with the Supreme Court "within 10 days of the date of entry" of a Superior Court judgment, Defendant's appeal was deemed untimely. *See* V.R.A.P. 6(b)(2). As a result, the Vermont Supreme Court denied Defendant's permission to appeal on June 27, 2017, stating that Defendant did not demonstrate "excusable neglect or good cause for failing to file a request for permission to appeal within the prescribed time frame." *City of Burlington v. Schieldrop*, 167 A.3d 337 (Vt. 2017) (unpublished table decision); *see also* Doc. 1-5 at 1 (entry order of the Vermont Supreme Court).

A month after the Vermont Supreme Court's denial of review, on July 27, 2017, Plaintiff filed a notice of removal to this court. Subsequent to Plaintiff's removal, on August 7, 2017, the Vermont Judicial Bureau heard the case on remand from the Superior Court, ruling in favor of Plaintiff and upholding the fine issued against Defendant. Defendant appealed to the Vermont Superior Court and that appeal is pending.

## II.  Conclusions of Law and Analysis.

In support of its motion to remand, Plaintiff contends that Defendant's notice of removal was not timely and that there is no subject matter jurisdiction to support removal to this court.[2] Defendant asserts that the alleged violation implicates numerous federal questions and, because the matter is a criminal proceeding, there is good cause to grant leave to file the removal notice outside the thirty-day period for removal.

### A.  Whether Defendant's Notice of Removal was Timely.

Defendant's notice of removal was filed on July 27, 2017, more than eighteen months after Plaintiff submitted the municipal complaint to the Vermont Judicial Bureau

---

[2] Plaintiff also asserts that Defendant failed to comply with the procedural requirements of removal by not filing "a copy of all process, pleadings, and orders served upon" Defendant in this action. 28 U.S.C. § 1446(a). For the reasons set forth herein, however, generally the court need not address whether this procedural error is a basis for remand as such defects are "curable" and do "not defeat [the] court's jurisdiction." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 348, 356 (S.D.N.Y. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (reversing remand to state court and finding the failure to attach the original complaint of the notice of removal is a "*de minimis* procedural defect").

3

and outside the thirty-day period for removal under 28 U.S.C. § 1446(b)(1). As a preliminary matter, Defendant asserts that § 1446 does not govern whether Defendant timely filed his notice of removal because the cause of action is a criminal proceeding, not a civil violation, subject to 28 U.S.C. § 1455. Unlike the mandatory thirty-day window in a civil case, removal in a criminal prosecution can be filed "at a later time" if the defendant demonstrates "good cause[.]" 28 U.S.C. § 1455(b)(1). In this case, however, Defendant is charged with violating a civil municipal ordinance and has not been charged with a crime. Although Defendant points out that the Criminal Division of the Vermont Superior Court adjudicates appeals from the Judicial Bureau, a Vermont statute provides that the "criminal division shall have jurisdiction [over] the following *civil actions* . . . [a]ppeals of final decisions of the judicial bureau." 4 V.S.A. § 32(c)(1) (emphasis supplied).

Because the underlying matter is not a criminal proceeding, Defendant's notice of removal was required to be filed "within 30 days after" Defendant received "a copy of the initial pleading setting forth the claim for relief[,]" "the service of summons[,]" or "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case" is removable. 28 U.S.C. § 1446(b)(1),(3). The thirty-day period does "not begin to run until the defendant receive[s] the first document from which all of the facts giving rise to removability were evident[.]" *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010). Once the defendant receives such a document, the "thirty-day period is strictly construed." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 347 (S.D.N.Y. 2005). "While the statutory time limit is mandatory, it is merely a formal and modal requirement and is not jurisdictional. Nevertheless, absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (internal citations and quotation marks omitted), *superseded by rule on other grounds*, Fed. R. Civ. P. 5.

On January 10, 2016, Defendant received the municipal complaint which Plaintiff subsequently filed with the Vermont Judicial Bureau on January 26, 2016. *See* V.R.C.P.

4

80.6(c) (stating that an action is "commenced by filing with the judicial bureau or serving upon the defendant a complaint against a single defendant."). Both of these events constitute the "initial pleading" from which it could be determined whether this matter was removable. Although Defendant points to the Vermont Supreme Court's denial of appeal, which occurred on June 27, 2017, as within the thirty-day window, the pendency of an appeal does not determine when a matter is first removable. *See Stemmle v. Interlake Steamship Co.*, 198 F. Supp. 3d 149, 162 (E.D.N.Y. 2016) ("The standard for judging whether an . . . other paper triggers the 30-day removal period is the same as the standard for determining whether the initial pleading triggers the removal period[.]") (internal quotation marks omitted); *Rampy v. Sw. Bell Tel. Co.*, 615 F. Supp. 996, 1001 (W.D. Mo. 1985) (holding that a state court "stipulation extending the time to answer or respond to a complaint filed in State court" did not constitute a waiver of the thirty-day period for removal); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3731 (4th ed. 2017) ("[T]he decided cases make clear that these statutory periods will not be extended by state court demurrers, motions to set aside service of process, pleas in abatement, stipulations, trial court-granted continuances, or various other state court orders."). Because Defendant received a copy of the initial pleading more than thirty days before filing his notice of removal, his removal was not timely and Plaintiff's motion to remand is GRANTED.

**B.      Whether the Court has Subject Matter Jurisdiction.**

Had Defendant filed a timely notice of removal, this court would nonetheless be required to dismiss the case for lack of subject matter jurisdiction. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) (noting that § 1441(a) "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in

5

a federal district court.").[3] The party seeking removal "bears the burden of demonstrating the propriety of removal." *California Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (internal quotation marks omitted).

Federal question jurisdiction, which provides the court original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The standard is met when "either that federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire HealthChoice Assurance, Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005) (internal quotation marks omitted). "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]" *Caterpillar*, 482 U.S. at 393; *see also Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013) (stating that federal question jurisdiction is "a limited inquiry, looking only at the Plaintiff's original cause of action to ascertain whether it includes a federal question while ignoring any and all answers, defenses and counterclaims.").

In this case, Defendant was issued a municipal complaint for violating a municipal ordinance. Although Defendant argues that the Ordinance implicates federal rights by burdening interstate commerce, the right to travel, First Amendment commercial speech, and denies him Equal Protection, none of these issues are raised by *Plaintiff's* request for relief. Remand requires more than a showing that "the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial[] . . . or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966). Instead, the

---

[3] The parties do not dispute that the Vermont Judicial Bureau is a removable "state court" within the meaning of 28 U.S.C. § 1441(a) as it was "created within the Judicial Branch under the supervision of the [Vermont] Supreme Court." 4 V.S.A. § 1102(a); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3721 (4th ed. 2017) ("State tribunals exercising judicial functions generally fall within the [removal] statute.").

removing party "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *New York v. Smith*, 952 F. Supp. 2d 426, 430 (S.D.N.Y. 2013). First, the defendant must demonstrate "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson*, 421 U.S. at 219 (internal quotation marks omitted); *see also Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (stating that removal under § 1443 demands reference to "specific language of racial equality" in defendants' claim for removal); *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014) ("More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice."); *Alabama v. Conley*, 245 F.3d 1292, 1295-96 (11th Cir. 2001) ("[T]o the extent [the defendant] relies upon broad assertions under the Equal Protection Clause[,] . . . those rights are insufficient to support a valid claim for removal under § 1443(1)."). Second, the defendant must show that state courts will "den[y] or cannot enforce the specified federal rights[.]" *Johnson*, 421 U.S. at 219 (internal quotation marks omitted).

Defendant's notice of removal and arguments in opposition to remand make no reference to racial equality. *See Smith*, 952 F. Supp. 2d at 430 (remanding to state court the prosecution of a defendant who did not "allege a civil rights violation in terms of racial equality.") (internal quotation marks omitted); *Varricchio v. Cty. of Nassau*, 702 F. Supp. 2d 40, 68 (E.D.N.Y. 2010) (denying removal of pending state law criminal proceedings because the party's motion to remove did "not allege a civil rights violation in terms of racial equality[.]") (internal quotation marks omitted). As for the second prong, Defendant does not allege that Vermont state courts cannot protect his constitutional rights. *See Varricchio*, 702 F. Supp. 2d at 69 (finding that the removing party "has not shown that he cannot litigate his rights in state court."). To the contrary, he is currently litigating the same issues in state court. Accordingly, even if Defendant's notice of removal was timely, remand would be required because this court lacks subject matter jurisdiction. *See Citibank, N.A. v. McGuirl*, 888 F. Supp. 39, 41 (S.D.N.Y. 1995) ("Not only does this court lack subject matter jurisdiction, but the removal was untimely, and thus must be remanded.").

7

Finally, Plaintiff requests that the court exercise its discretion to order payment of costs and expenses pursuant to 28 U.S.C. § 1447. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (holding that courts have discretion in awarding attorney's fees in remanding to state court based on the reasonableness of the removing party's belief that removal was proper); *Bryant v. Britt*, 420 F.3d 161, 163 n.2 (2d Cir. 2005) (reviewing a denial of fees and costs for abuse of discretion). Because the notice of removal was clearly untimely and not based upon a colorable argument for removal, Plaintiff may submit an application for its attorney's fees and costs incurred in seeking remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Doc. 4) is GRANTED. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of October, 2017.

Christina Reiss, Chief Judge
United States District Court